**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| AQILA HALL-HOOD, | Case No. 2:12-cv-01458-APG-VCF |
| Plaintiff, | |
| v. | **ORDER** |
| TARGET CORPORATION, | (Def.'s Motion to Dismiss – Dkt. No. 12) |
| Defendant. | |

**I.   SUMMARY**

Before the Court is Defendant Target Corporation's Motion to Dismiss, or in the alternative, Motion for More Definite Statement. (Dkt. no. 12.) The Court also has considered Plaintiff's Opposition (dkt. no. 14) and Defendant's Reply. (Dkt. no. 15.) For the reasons discussed below, the motion is denied.

**II.   BACKGROUND**

This case arises out of alleged employment discrimination and retaliatory practices. The Complaint alleges the following facts:

Plaintiff Aqila Hall-Hood is an African-American female, who was hired by Defendant to serve as an Executive Team Leader of Assets Protection. In or around September 2010, Plaintiff requested, and was granted, medical leave due to a serious medical condition under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et. seq. At some point after taking medical leave, Plaintiff contacted Defendant and expressed that she was ready to return to work

in her position as Executive Team Leader. However, she was informed by management that her position was no longer available and that she had to either remain on unpaid medical leave indefinitely or apply for another position.

Plaintiff reiterated that she was ready to return to work and would be willing to transfer to another state to secure a comparable position. Nicole Lunder, a Human Resources manager, told Plaintiff that there were no positions available in Nevada or in other states. However, Plaintiff checked career postings on Defendant's website and saw several advertised positions. When Plaintiff expressed confusion about the positions listed on the website, Lunder told Plaintiff the positions were not actually available.

Plaintiff asserts that Defendant treated her different than other similarly situated employees following FMLA leave. She believes Defendant's actions in informing Plaintiff that her position was no longer available after she exercised her FMLA rights, were in retaliation and motivated, in part, by inappropriate racial reasons. For example, at some point during Plaintiff's employment, Plaintiff was informed that her hair needed to conform to the wholesome image Defendant's business portrayed. Plaintiff wanted to maintain her hair in its natural state. However, Christine Bouchard, the Store Team Leader, told Plaintiff that Defendant's business had a particular "image" and that to advance within the company, Plaintiff needed to "look the part." Plaintiff felt these comments meant Plaintiff needed to change her hair, an immutable characteristic and feature, to succeed at Defendant's business. Thereafter, on April 11, 2011, Plaintiff was terminated.

On August 16, 2012, Plaintiff filed suit alleging (1) racial discrimination in violation of 42 U.S.C. § 2000e et seq. ("Title VII") and (2) retaliation in violation of 29 U.S.C. § 2601 et seq., the Family and Medical Leave Act ("FMLA"). Defendant seeks dismissal of the Complaint for failure to state a claim, or alternatively, an order compelling Plaintiff to amend her Complaint to add more details to her allegations.

### III. DISCUSSION

#### A. Motion to Dismiss Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions couched as factual assertions are not entitled to the assumption of truth. *Id.* at 678. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)). When the claims in a complaint have not

crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

### B. Motion to Dismiss Analysis

Defendant contends the Complaint contains significant factual gaps that make it impossible for Defendant to respond to Plaintiff's claims. Specifically, Defendant argues the race discrimination claim is devoid of an allegation that Plaintiff was treated less favorably than similarly situated individuals outside her protected class. Also, Defendant argues Plaintiff has failed to identify any individuals who denied Plaintiff opportunities, which decision makers made inappropriate comments to Plaintiff, or when the inappropriate comments were made.[1] As to the FMLA retaliation claim, Defendant argues Plaintiff has failed to allege that she was capable of and attempted to return to work after the allotted 12-weeks of FMLA leave. Additionally, Defendant argues that amendment of the retaliation claim would be futile because FMLA protections do not survive the expiration of the 12-week FMLA leave period.

### 1. Race Discrimination in violation of Title VII

Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race. . . ." 42 U.S.C. § 2000e-2(a)(1). A person suffers disparate treatment in his employment "'when he or she is singled out and treated less favorably than others similarly situated on account of race.'" *See McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1121(9th Cir. 2004) (internal quotation marks omitted) (quoting *Jauregui v. City of Glendale*, 852 F.2d 1128, 1134 (9th Cir. 1988)). To state a claim under Title VII, a plaintiff must allege: (1) that the plaintiff belongs to a class of persons protected by Title VII; (2) that the plaintiff performed her job satisfactorily; (3) that the plaintiff suffered an adverse employment action; and (4) that the plaintiff's employer treated the plaintiff differently than a similarly situated employee who does

---

[1] Defendant's Reply withdrew arguments for dismissal based on failure to exhaust administrative remedies as Plaintiff provided a copy of the requisite Equal Employment Opportunity Commission right-to-sue letter.

not belong to the same protected class as the plaintiff. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

Here, Plaintiff has adequately stated a claim under Title VII. First, Plaintiff has alleged that she is an African-American female entitled to Title VII protection on account of her race. (Compl. at ¶ 7.) Second, Plaintiff has inferentially alleged that she performed her job satisfactorily as she was in a position of leadership and she took leave to deal with a serious medical condition. (*Id.* at ¶ 7-8.) Third, Plaintiff has alleged that she suffered the adverse employment action of being forced to remain on unpaid leave indefinitely and that she was ultimately terminated from Defendant's employ in April 2011. (*Id.* at ¶ 9, 12.) Fourth, Plaintiff has alleged she was treated different that similarly situated employees after her return from FMLA leave based, in part, on racially discriminatory animus. (*Id.* at ¶ 10.) Therefore, Plaintiff has adequately stated a claim under Title VII.

Moreover, contrary to Defendant's arguments, Plaintiff has identified Nicole Lunder, Defendant's Human Resources manager, as a person who denied Plaintiff opportunities, and Christine Bouchard as the person who made comments to the Plaintiff. Additionally, the Complaint indicates that the comments were made during Plaintiff's term of employment. Accordingly, Plaintiff has alleged sufficient factual allegations to support a Title VII claim, and Defendant's motion is denied.

**2. FMLA Retaliation/Interference in violation of 29 U.S.C. § 2601 et seq.**

FMLA provides job security to employees who must be absent from work up to 12 weeks because of serious health conditions. 29 U.S.C. § 2612. It is a violation of FMLA for an employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided under [this act]." 29 U.S.C. § 2615.

Courts have recognized two separate causes of action on FMLA claims: (1) retaliation or discrimination and (2) interference. *See Sanders v. City of Newport*, 657 F.3d 772, 777 (9th. Cir. 2011). However, the Ninth Circuit construes "complaints alleging adverse employment actions taken against employees because they have used FMLA leave" as "claims of interference" rather

than "claims of retaliation or discrimination." *Bachelder v. Am. West Airlines, Inc.*, 259 F.3d 1112, 1124 (9th Cir. 2001). Thus, to state a claim for FMLA interference, a plaintiff must demonstrate that: 1) plaintiff took FMLA leave, 2) defendant subjected the employee to an adverse employment action, and 3) the adverse action was causally linked to the FMLA leave. *Id.* at 1124-25.

Here, Plaintiff has adequately alleged an FMLA interference claim. First, Plaintiff has alleged that she requested and was granted FMLA medical leave due to a serious medical condition. (Compl. at ¶ 8.) Second, Plaintiff has alleged that she suffered adverse employment actions, including being told that her position was no longer available and that she would either need to remain on unpaid leave indefinitely or apply for another position. (*Id.* at ¶ 9.) Additionally, Plaintiff has alleged that she was ultimately terminated in April 2011. (*Id.* at ¶ 12.) Third, Plaintiff has alleged that being told her position was no longer available was retaliatory after she exercised her FMLA rights. (*Id.* at ¶ 10.) The Court can easily infer a causal link between the FMLA leave and adverse action. Thus, Plaintiff has adequately stated a claim for FMLA interference.

Citing *Hibbs v. Dept. of Human Res.*, 152 Fed.Appx. 648 (9th Cir. 2005), Defendant argues that Plaintiff's claim fails as a matter of law because Plaintiff has not alleged she was capable of and attempted to return from leave after the allotted 12-weeks of FMLA leave, and that FMLA protections do not survive the expiration of the 12-week FMLA leave period. In *Hibbs*, the Court held "[t]he protections of the FMLA – entitling an employee to return to his job as if he had never left, with equivalent pay, benefits and other terms of employment – do not survive the expiration of the twelve-week FMLA period." *Id.* at 649. In that case, Hibbs had taken more than five months of leave and despite being told his leave had expired, he still did not return to work. *Id.* The Court reasoned because Hibbs "was eventually fired two months after being informed that his leave had expired, he had long since departed the protections of the FMLA." *Id.*

Whereas in *Hibbs* the plaintiff did not request or obtain any additional leave, here, Defendant admits Plaintiff "requested several extensions of her leave, all of which were granted."

6

1  (Mot. to Dismiss, Dkt. no. 12, at 12.) Moreover, Defendant's assertion that *Hibbs* requires
2  Plaintiff to affirmatively allege she was capable of and attempted to return to work is incorrect.
3  *Hibbs* imposes no such requirement.[2]

4  As Plaintiff has adequately pled claims for racial discrimination under Title VII and
5  FMLA interference, the Defendant's motion is denied.

**C. Motion for More Definite Statement**

Under Federal Rule of Civil Procedure 12(e), a party may move for a more definite statement if a pleading is so vague or ambiguous that the party cannot reasonably respond. Fed. R. Civ. P. 12(e). However, in the context of employment discrimination, the Supreme Court has clarified that pleadings need not "contain specific facts establishing a prima facie case of discrimination under the framework set forth" in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002). To require otherwise would essentially create a "heightened pleading standard" under which a plaintiff without direct evidence of discrimination would need to plead a prima facie case even though she might uncover direct evidence during discovery. *Id.* at 511–12. This would create the "incongruous" result of requiring a plaintiff "to plead more facts than [s]he may ultimately need to prove to succeed on the merits if direct evidence of discrimination is discovered." *Id.* Furthermore, before discovery "it may be difficult to define the precise formulation of the required prima facie case in a particular case." *Id.* at 512; *see also Twombly*, 550 U.S. at 569–70, (explaining that *Swierkiewicz* is consistent with more recent case law).

Defendant's request for more definite statement amounts to a request for a heightened pleading standard. Plaintiff's Complaint is not vague or ambiguous; it offers clear allegations to which Defendant can reasonably respond. Moreover, it puts Defendant on adequate notice of the

---

[2] Defendant's reliance on authority from the Tenth Circuit also is misplaced as that case is factually dissimilar. As was the case in *Hibbs*, the Plaintiff in *McClelland v. CommunityCare HMO, Inc.*, did not obtain any extensions of her leave. Here, Defendant admits it granted Plaintiff's requests for extensions of her leave. *See McClelland v. CommunityCare HMO, Inc.*, No. 12-5030, (10th Cir., filed Nov. 29, 2012.)

allegations so that it can defend itself against the charge and not just deny that it has done nothing wrong. Therefore, the motion for more definite statement is denied.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Target Corporation's Motion to Dismiss, or in the alternative, Motion for More Definite Statement is DENIED.

DATED THIS 12th day of June 2013.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE